IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAFAEL ACOSTA,

  Plaintiff,

vs.             No.  1:13-cv-00302-PJK-ACT

JUSTINE SCHRAEDER, in her
Individual Capacity,

  Defendant.

MEMORANDUM OPINION AND ORDER
GRANTING SUMMARY JUDGMENT

  THIS MATTER comes on for consideration of Defendant Justine Schraeder's Second Amended Motion for Summary Judgment based upon qualified immunity filed November 27, 2013.  Doc. 40.  Plaintiff Rafael Acosta filed a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 and New Mexico state law, alleging he was arrested and imprisoned without probable cause.  Doc. 1-2.  Upon consideration thereof, the court finds that the motion is well taken and should be granted.

Background

  This case arises out of Mr. Acosta's arrest on July 22, 2011.  Doc. 40 at 2, ¶ 1.  On that date, police officers of the Rio Rancho Police Department ("RRPD") responded to a reported domestic disturbance call placed by Monica Acosta, Mr. Acosta's ex-wife.  Id. at

3, ¶¶ 5, 6, 7.  The officers found Ms. Acosta at her residence with her son, crying and upset.  Id. at 3, ¶ 9, 11.  When Officer Schraeder arrived, she interviewed Ms. Acosta.  Id. at 4, ¶¶ 16, 21.  Ms. Acosta told Officer Schraeder that Mr. Acosta had attacked her.  Id. at 4, ¶ 22.  She said that Mr. Acosta knocked on her front door, and when she opened it he attacked her face with a box cutter.  Id. at 4, ¶¶ 21, 22.  She said that her left hand was cut when she tried to protect herself.  Id. at 4, ¶ 22.  She said earlier that Mr. Acosta struck her in the head with a black object and fled, and she advised that he might be going to his brother's house in Albuquerque.  Id. at 4, ¶¶ 13, 14.  Officer Schraeder observed three lacerations on Ms. Acosta's left cheek, one over her left eye, and two on her left palm.  Id. at 5, ¶ 24.  Officer Schraeder then interviewed Ms. Acosta's 11 year-old son, who said he observed Mr. Acosta hit Ms. Acosta in the head with a black object and flee the house.  Id. at 5-6, ¶¶ 28, 29.

   Mr. Acosta was later found in Albuquerque and taken to RRPD headquarters, where he gave a statement to Officer Schraeder.  Id. at 7, ¶¶ 38, 39, 41.  In his statement, Mr. Acosta denied attacking Ms. Acosta and claimed he was at his brother's house that evening, that he was prevented from going near Ms. Acosta by a restraining order, that Ms. Acosta had mental issues, and that she made up the story of the attack.  Id. at 7, ¶ 42.  Officer Schraeder then completed a criminal complaint charging Mr. Acosta with assault, battery, stalking, and child abuse based on Ms. Acosta's statement, her injuries, and her son's statement.  Id. at 7-8, ¶¶ 43, 45.  According to Mr. Acosta's pleadings, he was incarcerated for 15 days prior to a magistrate judge releasing him on August 5, 2011, and

the criminal charges were dismissed on September 13, 2011. Doc. 1-2 at 5, ¶¶ 34-35; Doc. 48 at 1.

Discussion

Summary judgment is appropriate if the movant shows with materials in the record "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), 56(c)(1)(A); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court views the evidence and its inferences in the light most favorable to the non-movant. Koch Indus., Inc. v. United States, 603 F.3d 816, 820–21 (10th Cir. 2010). Given a defense of qualified immunity presented by a defendant on summary judgment, the plaintiff must establish both the violation of a constitutional right and clearly established law supporting that right at the time of the violation. Lundstrom v. Romero, 616 F.3d 1108, 1118 (10th Cir. 2010).

Though federal and state law claims are involved, the parties appear to be in agreement that resolution of the federal claims turns on whether probable cause existed to arrest and charge Mr. Acosta. The material facts concerning this determination are not in dispute. Doc. 48 at 4-7. Officer Schraeder maintains that she had probable cause based upon the physical evidence and statements of two persons claiming to be eye witnesses. Mr. Acosta maintains that Officer Schraeder lacked probable cause to arrest and charge him because Ms. Acosta was not trustworthy, and his exculpatory statements were

corroborated by his location, his vehicle's status, his alibi witness, and the information he provided concerning Ms. Acosta's prior false reporting to the RRPD.

In a § 1983 action based on a warrantless arrest, the defendant officer is "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff. Hunter v. Bryant, 502 U.S. 224, 228 (1991). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Id. at 227 (internal quotation marks omitted). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995). It is an objective standard. United States v. Valenzuela, 365 F.3d 892, 896 (10th Cir. 2004).

Ms. Acosta's statement, her injuries, and her son's corroborative statement were sufficient to establish probable cause to arrest Mr. Acosta. See United States v. Patane, 304 F.3d 1013, 1018 (10th Cir. 2002) rev'd on other grounds, 542 U.S. 630 (2004) (finding probable cause to arrest based on uncorroborated statement of victim); Romero, 45 F.3d at 1476 (finding two statements implicating plaintiff in murder sufficient for probable cause to arrest); Easton v. City of Boulder, 776 F.2d 1441, 1451 (10th Cir. 1985) (stating officers had probable cause to arrest based on consistent statements of five-year old and three-year old children). Ms. Acosta provided a detailed account of the event, Doc. 40 at 4-5, ¶¶ 21-23, provided consistent accounts to two different officers, id. at 3-5,

¶¶ 12-13, 21-23, had injuries consistent with her story, id. at 5, ¶ 24, and her son's independent statements supported hers, id. at 6, ¶ 29.  Mr. Acosta recognizes that Ms. Acosta had an appearance of credibility.  Doc. 48 at 6, ¶ 27.  Officer Schraeder did not doubt the trustworthiness of Ms. Acosta or her son (and such perception is certainly within the range of reasonableness allowed an officer), Doc. 40 at 5 ¶¶ 27, 28, despite Mr. Acosta's contrary allegations as to Ms. Acosta's veracity, id. at 7, ¶ 42; see Patane, 304 F.3d at 1016 ("We reject any suggestion that victims of domestic violence are unreliable witnesses whose testimony cannot establish probable cause absent independent corroboration."); Easton, 776 F.2d at 1449 ("[T]he skepticism and careful scrutiny usually found in cases involving informants . . . is appropriately relaxed if the informant is an identified victim.").  As such, Officer Schraeder had probable cause to arrest Mr. Acosta.[1]

    Mr. Acosta argues that Officer Schraeder failed to conduct a reasonable investigation, and that if she had, probable cause would have been vitiated.  Doc. 48 at 10-11.  He asserts that Officer Schraeder should have interviewed his alibi witness, conferred with other investigating officers, and verified his own allegations.  Id.  While Tenth Circuit cases "suggest a duty to investigate to ascertain information on whether a crime occurred at all," Cortez v. McCauley, 478 F.3d 1108, 1122 (10th Cir. 2007), Officer Schraeder fulfilled her duty to investigate.  "[T]he Fourth Amendment requires

---

[1] This case is not, as Mr. Acosta suggests, factually analogous to Cortez v. McCauley, 478 F.3d 1108 (10th Cir. 2007).  In Cortez, the Tenth Circuit held that probable cause did not exist to arrest the plaintiff based on the unsubstantiated double-hearsay of a two year-old.  Id. at 1118.  Here, Officer Schraeder relied on two eyewitness accounts and evidence of physical injury.  The sufficiency and reliability of the evidence here and the evidence in Cortez are not close.

officers to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention." Romero, 45 F.3d at 1476-77. Officer Schraeder interviewed Ms. Acosta and her son—the witnesses readily available at the scene—and investigated the basic evidence by examining Ms. Acosta's injuries and the purported crime scene. Doc. 40 at 4 ¶¶ 21, 24, 25, 28, 30. Mr. Acosta's claim that Officer Schraeder had a constitutional duty to do more is unavailing. See Cortez, 478 F.3d at 1149 n.18 ("[O]nce probable cause is established, an officer is not required to continue to investigate for exculpatory evidence before arresting a suspect."); Romero, 45 F.3d at 1478 ("[Defendant's] failure to question Plaintiff's alibi witnesses prior to the arrest did not negate probable cause.").

The court recognizes that Mr. Acosta was detained for several days as a result of his arrest, and that is certainly regrettable, but "[t]he Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 443 U.S. 137, 145 (1979). Insofar as an officer's civil liability for damages for arrests, the law allows for officer assessments that ultimately prove incorrect. See Pearson v. Callahan, 555 U.S. 223, 231 (2009) (explaining that qualified immunity protects government officials notwithstanding reasonable mistakes of law, fact, or mixed questions of law and fact). Because Mr. Acosta has failed to establish that Officer Schraeder lacked probable cause to arrest and charge him, there was no constitutional violation, and Officer Schraeder is entitled to qualified immunity. Romero, 45 F.3d at 1477-78.

Mr. Acosta's federal claims disposed of, the court declines to exercise supplemental jurisdiction over his remaining state law claims and they will be dismissed without prejudice.  28 U.S.C. § 1367(c)(3);  Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1)  Defendant Justine Schraeder's Second Amended Motion for Summary Judgment based upon qualified immunity filed November 27, 2013 (Doc. 40) is granted; and

(2) Plaintiff's remaining state law claims are dismissed without prejudice.

DATED this 28th day of January 2014, at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Robert W. Becker (Joseph P. Turk with him on the briefs), Yenson, Allen & Wosick, P.C., Albuquerque, New Mexico, for Defendant Justine Schraeder.

Rachel E. Higgins, Albuquerque, New Mexico, for Plaintiff.